IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMANDA JACKSON, and** | § | |
| **KAREN DIXON**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2373-L** |
| | § | Consolidated with 3:10-CV-2379-L |
| **HUNT COUNTY, TEXAS, and** | § | |
| **RANDY MEEKS, Sheriff,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Hunt County, Texas and Randy Meeks' Rule 12(b)(1) Partial Motion[1] to Dismiss regarding Amanda Jackson, filed November 19, 2010; Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Amanda Jackson, filed November 19, 2010; and Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Karen Dixon, filed November 19, 2010. After careful consideration of the motions, briefs, record, and applicable law, the court **grants** Defendants Hunt County, Texas and Randy Meeks' Rule 12(b)(1) Motion for Partial Dismissal; **denies** Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Amanda Jackson; and **denies** Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Karen Dixon.

---

[1]The correct designation of the motion should be "Defendants Hunt County, Texas and Randy Meeks' Rule 12(b)(1) Motion for Partial Dismissal, and the court will hereafter use this appellation.

**Memorandum Opinion and Order - Page 1**

## I. Background

On October 28, 2010, Amanda Jackson ("Jackson") and Karen Dixon ("Dixon") (collectively, "Plaintiffs") filed separate lawsuits in state court against Hunt County, Texas, and Hunt County Sheriff Randy Meeks (collectively, "Defendants"). Defendants removed the action to federal court on November 19, 2010, on the basis that both lawsuits involved a federal question. The court consolidated the lawsuits on February 28, 2011.

Jackson alleges religious discrimination, sex discrimination, sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and the Texas Labor Code. She asserts that, despite resigning from her position, she was constructively discharged. Further, she asserts claims for negligent hiring, supervision, training, and retention against Sheriff Meeks and Hunt County. Dixon asserts claims of religious discrimination, sex discrimination, and retaliation under Title VII and the Texas Labor Code. She also alleges age discrimination. According to the Joint Status Report, Plaintiffs have stipulated that their claims are made against Sheriff Meeks in his official capacity only. A suit against an employee in his official capacity is treated as one against the governmental entity that employs him. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the only real defendant to this suit is Hunt County.

Defendants deny all of Plaintiffs' claims and allegations, and specifically deny that they were discriminated against or retaliated against in any manner. Defendants contend that, as the result of an internal affairs investigation into Plaintiffs' conduct, it was determined that they violated a number of the Hunt County Sheriff's Office policies that warranted the disciplinary action they received. Plaintiff Jackson was given unpaid time off, and Plaintiff Dixon was discharged. Since that time, according to Defendants, discovery has revealed after-acquired evidence that would have

– if known at the time – been grounds for discharge. Defendants have filed a motion for partial dismissal regarding Jackson's state law claims of negligent hiring, supervision, training and retention.

## II. Discussion

### A. Motion to Dismiss

With respect to the motion for partial dismissal, Defendants contend that Jackson's claims of negligent hiring, supervision, training, and retention do not waive governmental immunity under the Texas Tort Claims Act for claims that do not arise out of the use or condition of tangible personal property. Defendants cite several cases in support of their position: *Campos v. Nueces Cnty.*, 162 S.W.3d 778, 787-88 (Tex. App. — Corpus Christi 2005, pet. denied); *Hernandez v. City of Lubbock*, 253 S.W.3d 750, 761 (Tex. App. — Amarillo 2007, no pet.); *University of Texas Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102, 107 (Tex. App. — Houston [1st Dist.] 2005, no. pet.); and *Dallas Area Rapid Transit v. Edwards*, 171 S.W.3d 584, 587-88 Tex. App. — Dallas 2005, pet. denied). Defs.' Mot. for Partial Dismissal 4, 5 n.20. The court agrees with Defendants.

The court also emphasizes that Jackson filed no response to the motion for partial dismissal. Because Jackson filed no response and because in a prior cause of action — *Laurie Stafford v. Hunt County, Texas and Randy Meeks*, Civil Action No. 3:10-CV-1395-K — asserting the same state law claims as here, Jackson's counsel, who was also the plaintiff's counsel in the *Stafford* lawsuit, conceded that Defendants' argument regarding the state law claims and governmental immunity was correct. To be cognizable under the Texas Tort Claims Act, the claim, among other things, must arise from "a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011). Jackson has made no such showing with respect to her state law

claims. Accordingly, the court holds that the state law claims asserted by Jackson are not cognizable under the Texas Tort Claims Act.

Governmental entities such as cities, counties, and school districts are immune from suit unless the Texas Legislature has expressly consented to the suit. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citation omitted). Consent may be established by reference to a statute or express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (citation omitted). If consent to suit is not established, the trial court lacks subject matter jurisdiction to entertain the suit. *Id.* Jackson has failed to establish consent, and this court lacks subject matter jurisdiction of her state law claims.

### B.  Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendants contend that Plaintiffs fail to provide the underlying support for certain allegations and request a more definite statement. The court, however, does not believe that it should order Plaintiffs to file a more definite statement. First, the Rule is framed in terms of a party being unable to "reasonably prepare a response." Defendants have filed answers, which are responsive pleadings and inform the court that they *were* able to fashion a response. This alone is sufficient to defeat the motion. Moreover, what Defendants seek or believe is unclear can easily be obtained through the discovery process. Accordingly, the court will deny both motions for a more definite statement.

### III.     Conclusion

For the reasons herein stated, the court **grants** Defendants Hunt County, Texas and Randy Meeks' Rule 12(b)(1) Motion for Partial Dismissal regarding Amanda Jackson; **denies** Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Amanda Jackson; and **denies** Defendants Hunt County Texas and Randy Meeks' Rule 12(e) Motion for More Definite Statement regarding Karen Dixon.  The court **lacks** subject matter jurisdiction to entertain Plaintiff Jackson's claims of negligent hiring, training, supervision and retention; and it **dismisses with prejudice** these state law claims.[2]  Further, the court **denies** Defendants request for attorney's fees and cost; however, if future claims are asserted and there is no basis for asserting, the court will impose monetary sanctions as appropriate.

**It is so ordered** this 13th day of May, 2011.

                                                                Sam A. Lindsay
                                                                United States District Judge

---

[2] Although the court lacks subject matter jurisdiction over Plaintiff's state law claims and dismissals for lack of jurisdiction are ordinarily without prejudice, there is no court, state or federal, that has jurisdiction to hear these claims, as they are barred by governmental immunity.  In this case, attempts at amendment would be futile because Plaintiff cannot amend to overcome governmental immunity provided by the Texas Tort Claims Act, and the case should be dismissed with prejudice. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined.").  Moreover, to dismiss Plaintiff's claims without prejudice would create the impression that she could file them in the appropriate forum when there is no appropriate forum.  The better course of action, therefore, is to dismiss the claims with prejudice. *See Maibie v. United States*, 2008 WL 4488982, *3 (N.D. Tex. Oct. 7, 2008) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.  Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the plaintiffs redraft their claims to avoid the exceptions to the FTCA.") (citations and brackets omitted); *see also Austin v. Hood County*, 2007 WL 631278, *2 n.2 (N.D. Tex. Mar. 1, 2007).